HON. MARVIN I. HONIG County Attorney, Rensselaer County
This is in response to your recent letter requesting an opinion of the Attorney General whether or not a county, having acquired property under Highway Law, § 62, may sell the property to any party other than an abutting property owner. An additional consideration is whether or not a sale of such property to a county officer is prohibited by Article 18 of the General Municipal Law or any other statute.
The Highway Law provides procedures for the appropriation of lands by the State for highway purposes. The land necessary for construction or improvement of highways is generally obtained by purchase or condemnation. Highway Law, § 62 provides for the change in the location of a state highway for the improvement of alignment or the alleviation of a dangerous condition, provided that all necessary rights-of-way have been obtained. Upon the completion and acceptance of the new section or improvement of the state highway, the old section of the state highway is maintained by the municipality within which it is located. In this manner, the County of Rensselaer periodically acquires small sections of land from the Department of Transportation.
Section 118-a of the Highway Law authorizes the board of supervisors to abandon to the abutting property owners sections of land which are of no further use for highway purposes. Highway Law, §118-a, provides, in part, as follows:
 "Whenever, pursuant to this act or under the provisions of any statute, any county road shall have been widened, straightened, extended, drained, paved and/or otherwise improved and in the process thereof a county shall have acquired from an adjacent owner certain lands necessary for said right-of-way by purchase, condemnation or as a gift and where under such circumstances either the grantor of said new right-of-way shall own the property on both sides thereof for the full length of the new taking or the consent in writing of any and all other owners within such area be given, and there shall be sections of the old road as it existed before said improvement which are of no further use for highway purposes to said county, the board of supervisors of said county in which said land is situated, upon the recommendation of the county superintendent of highways, may abandon to the abutting owner or owners such sections or parts of the old road as it existed before said improvement which are of no further use for highway purposes, providing the road after such abandonment shall not be less than three rods in width, and the chairman of the board of supervisors of said county is hereby authorized to execute and acknowledge in the name of the county and affix the seal of the county to a quit-claim deed or deeds of the land so abandoned and to deliver the same to the abutting owner or owners
for such consideration and upon such terms and conditions as the board of supervisors of the county shall deem proper." (Emphasis supplied.)
This provision requires that the disposition by the county of such property be made only to the owners of property abutting the highway. This section is also applicable where the maintenance of the highway has been transferred to the county. Therefore whenever a county acquires property from the Department of Transportation pursuant to Highway Law, §62, for the maintenance of the highway, the board of supervisors may abandon to the abutting property owners sections of land no longer necessary for highway purposes. No person who is not a present owner of land abutting the highway is eligible to acquire the land abandoned by the county.
If the property to be disposed of pursuant to Highway Law, §118-a is to be sold to a county officer, the county officer must be an abutting landowner as set forth in that section. The county officer must meet the same requirements in Highway Law, § 118-a as any other person. Furthermore, a county officer may be prohibited by Article 18 of the General Municipal Law from entering into a contract with the county for the sale of real property. General Municipal Law, § 801
provides in part as follows:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above * * *."
An exception from the prohibition of General Municipal Law, § 801 is contained in General Municipal Law, § 802(2)(f) which provides that if the contract has a total consideration which does not exceed $100 General Municipal Law, § 801 is not applicable.
A county officer described in General Municipal Law, § 801 could not purchase real property from the county pursuant to Highway Law, §118-a unless the total consideration does not exceed $100, or another exception enumerated in General Municipal Law, § 802 is applicable. A sale to a county officer by the county pursuant to Highway Law, § 118-a must be for a fair consideration and based on the same appraisal factors as sales to other landowners adjoining the right-of-way or highway. Sales of property to county officers should be fair and reasonable in all respects, and the county should strive to avoid even the slightest appearance of impropriety in the sale.
Based on all of the foregoing, it is our opinion that a county which has acquired property under Highway Law, § 62 for highway purposes is authorized by Highway Law, § 118-a to abandon to the abutting property owners only sections of land which are of no further use for highway purposes. The property may be sold to a county officer who is an abutting property owner as set forth in Highway Law, §118-a, provided that the county officer is not described in General Municipal Law, § 801, and provided that the sale to the county officer is in all respects fair and reasonable.